**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BARRON, ) | |
| ) | |
| Petitioner, ) | 2:07-cv-1048-PMP-RJJ |
| ) | |
| vs. ) | |
| ) | ORDER |
| DWIGHT NEVEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action proceeds on a petition for a writ of habeas corpus by petitioner Charles Barron, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #10).

**I.     Procedural History**

Petitioner was convicted, after a jury trial, of one count of conspiracy to commit robbery, one count of burglary while in possession of a firearm, and four counts of robbery with the use of a deadly weapon. Exhibits 4, 5, and 7.[1]  The state district court sentenced petitioner to sixty months in prison with parole eligibility in 24 months for the conspiracy conviction, to 156 months imprisonment with parole eligibility in 35 months for the burglary conviction, and to 156 months in prison with parole eligibility in 35 months, with an equal and consecutive sentence for the use of a

---

[1] The exhibits cited in this order are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #10.

deadly weapon for the four robbery charges. Exhibits 5 and 7. Counts I and II are to run consecutively to each other and the four remaining counts. *Id.* A judgment of conviction was entered on August 30, 2004. Exhibit 7. Petitioner appealed his convictions, and on February 3, 2005, the Nevada Supreme Court affirmed the convictions. Exhibits 6 and 10. Remittitur issued on March 1, 2005. Exhibit 11.

Petitioner filed a state habeas corpus petition on March 2, 2006. Exhibit 13.[2] After holding an evidentiary hearing, the state district court denied the petition. Exhibit 16. On appeal, the Nevada Supreme Court found that the habeas petition was untimely filed in the district court. Exhibit 19. The court affirmed the denial of the petition. *Id.* Remittitur issued on March 2, 2007. Exhibit 20. Petitioner then filed a motion for modification of his sentence on April 20, 2007. Exhibit 21. The state district court denied that motion on May 21, 2007. Exhibit 23.

Petitioner mailed his federal habeas corpus petition to this Court on August 2, 2007 (docket #3). Respondents have moved to dismiss the petition, arguing that the federal petition is untimely filed, that the claims are procedurally defaulted, and that some of the claims are unexhausted (docket #10). Petitioner opposes the motion to dismiss (docket #15 and 17).

**II. Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions pursuant to section 2254. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Nevada does not recognize a "prison mailbox rule" for postconviction petitions, therefore petitions are deemed filed when they are received by the clerk of the court. *Koerner v. Grigas*, 328 F.3d 1039, 1044 n.1 (9th Cir. 2003).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right assert was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the federal predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). The United States Supreme Court has stated that to be properly filed, a petitioner must comply with a state's time limits for filing an application for post conviction or other collateral relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005) (holding "time limits, no matter their form, are 'filing' conditions" and noting if a state court rejects a petitioner's habeas petition as untimely then the petition is not "properly filed" under the statute and statutory tolling is not proper).

**A. Application to the Instant Case**

In the present case, petitioner was convicted on August 30, 2004. Petitioner appealed, and the Nevada Supreme Court affirmed his convictions on February 3, 2005. However, the one-year time limitation under the AEDPA did not begin to run until petitioner's time for seeking certiorari with the United States Supreme Court expired. *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001) (citing *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999)). The Supreme Court rules state that a person has 90 days from the entry of judgment in a civil or criminal case in which to file a petition for writ of certiorari. Sup. Ct. R. 13. Rule 36(a) of the Nevada Rules of Appellate

Procedure state that the "filing of the court's decision or order constitutes entry of the judgment." Therefore the one-year time limitation for filing a federal habeas petition was tolled until May 4, 2005, or 90 days after the Nevada Supreme Court entered its order affirming petitioner's convictions, and not the date remittitur issued. *Cf. Hemmerle v. Schriro*, 495 F.3d 1069 (9th Cir. 2007) (noting conclusion of review is from the date of the decision of a state appellate court and not the date of the mandate). Petitioner had one year from May 4, 2005, to file his federal habeas corpus petition unless the time period was otherwise tolled.

Petitioner then filed a habeas corpus petition in the state district court on March 2, 2006. This state petition does not meet the requirements for tolling under the statute. The state petition was filed beyond the one-year period outlined in the AEDPA. Petitions filed after the one-year time limitation has already expired do not toll the limitations period. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run). Moreover, contrary to the petitioner's arguments, his motion to modify sentence was also filed after the time for filing a federal petition expired, therefore that motion did not toll the one-year limitations period. The federal petition was untimely filed, and must be dismissed.

**B. Equitable Tolling**

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

4

Petitioner argued that he is entitled to equitable tolling because he is actually innocent of the crimes of which he was convicted. However, neither the United States Supreme Court, nor the Ninth Circuit, has definitively ruled that actual innocence is an exception to the AEDPA time bar. *Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002). Assuming that it does, the actual innocence exception to the procedural default limitation is reserved for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). As petitioner asserts actual innocence as a "gateway" to allowing this Court to consider his time-barred habeas petition, the appropriate legal standard is *Schlup v. Delo*, 513 U.S. 298 (1995).

Under the *Schlup* standard, a petitioner must support his allegations of innocence with evidence presented to the court which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). Actual innocence is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28)). The petitioner must establish his factual innocence of the crime, and not mere legal insufficiency. *Id.*; *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). Moreover, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

In the instant case, petitioner contends that he is actually innocent of the crimes as he has repeatedly stated that he was not involved in the robberies that were committed. However, petitioner has not supported his claim with any new reliable evidence. Petitioner has not met the first requirement of *Schlup*, nor has he shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Petitioner has not shown that the limitations period should be equitably tolled. The

Court will grant the motion to dismiss the petition, as the federal petition was untimely filed. The Court will not address respondents' arguments that the claims contained in the petition were procedurally defaulted or are unexhausted.

**III. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Where a court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination of whether a certificate of appealability issues becomes a two-part test. The Supreme Court has stated that under such circumstances:

> A COA should issue when the prisoner shows...that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims.

Furthermore, petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to a certificate of appealability.

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #10) is **GRANTED** and the petition is **DISMISSED** as untimely.

      **IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

      **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED this 26th day of November 2008.

                                          _____
                                          PHILIP M. PRO
                                          United States District Judge